UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CURTIS LOWERY                                                                                                    PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:22-CV-578-DPJ-FKB

REPUBLIC FINANCE, LLC, AND LIFE OF                                                              DEFENDANTS
THE SOUTH INSURANCE COMPANY

ORDER

Following the removal of this case to this Court, Defendant Life of the South Insurance Company filed its Motion to Compel Arbitration and Motion to Dismiss or, in the Alternative, to Stay Proceedings [4].  As explained below, its motion to compel arbitration is granted, and Lowery's claims against Life of the South will be dismissed without prejudice.

I.      Facts and Procedural History

Plaintiff Curtis Lowery took out a loan with Defendant Republic Finance, LLC, in November 2017.  In conjunction with the loan transaction, Lowery purchased a credit-disability insurance policy issued by Life of the South.  In November 2019, Lowery "was taken out of employment by his treat[ing] doctor."  State Ct. R. [1-1] at 7, Compl. ¶ 10.  Lowery made a claim on the Life of the South policy, but Life of the South denied the claim.

Lowery filed this lawsuit against Life of the South and Republic in Simpson County Circuit Court on August 26, 2022.  He asserts claims for breach of contract, tortious breach of the duty of good faith and fair dealing, fraud, negligence, and bad faith.  Defendants removed the case to this Court on September 30, 2022, and on October 7, 2022, Life of the South filed its arbitration motion.  Lowery failed to respond to that motion, and the time to do so under the local rules has now expired.

II.     Analysis

"A court can compel parties to arbitrate a dispute only if the parties agreed to do so." *Robinson-Williams v. C H G Hosp. West Monroe, L.L.C.*, No. 21-30659, 2022 WL 3137422, at *1 (5th Cir. Aug. 5, 2022).  In deciding whether the parties agreed to arbitrate a dispute, the Court considers "(1) whether a valid agreement to arbitrate between the parties exists; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1065 (5th Cir. 1998).  "[W]here competent evidence showing the formation of an agreement to arbitrate has been presented, § 4 [of the Federal Arbitration Act] requires a party resisting arbitration to produce *some* contrary evidence to put the matter 'in issue.'" *Gallagher v. Vokey*, 860 F. App'x 354, 357–58 (5th Cir. 2021) (quoting 9 U.S.C. § 4).

Life of the South has attached Lowery's policy to its motion, and the policy contains a broad arbitration provision requiring arbitration of "any controversy arising out of or relating in any way to [the policy] of insurance or the sale of this insurance . . . including the applicability of this arbitration clause."  Policy [4-2] at 4.  Life of the South has shown a valid agreement to arbitrate between it and Lowery and that Lowery's claims against it in this lawsuit fall within the scope of that agreement.

The only question remaining is whether to dismiss the claims against Life of the South. The Fifth Circuit has "held that district courts have discretion to dismiss cases in favor of arbitration under 9 U.S.C. § 3." *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 676 (5th Cir. 1999).  Where "all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate." *Id.* at 678.  Here, all issues raised as to Life of the South are arbitrable, so dismissal without prejudice is appropriate.  *See Pride v. Ford Motor Co.*, 341 F.

Supp. 2d 617, 623 (N.D. Miss. 2004) (dismissing case without prejudice where all claims were arbitrable).

III.     Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  Life of the South's Motion to Compel Arbitration and Motion to Dismiss or, in the Alternative, to Stay Proceedings [4] is granted.  Lowery shall submit the claims against Life of the South to arbitration consistent with their agreement, and those claims are dismissed without prejudice.  This case shall proceed against Defendant Republic Finance, LLC.

**SO ORDERED AND ADJUDGED** this the 26th day of October, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
